## BELL-ROGERS & ZEMURRAY BROTHERS CO., Petitioner, *v.* COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 1220.    Decided August 2, 1926.

Contribution to chamber of commerce for purchase of camp site disallowed.

*L. B. Liles, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income taxes for 1918, the amount of which is undeterminable from the record but is less than $10,000. The deficiencies result from the disallowance by the Commissioner of depreciation on trucks in the amount of $1,778.25, and the disallowance of a $250 contribution to the Chamber of Commerce for the purchase of a site for Camp McClellan.

### FINDINGS OF FACT.

The taxpayer is an Alabama corporation with its office and place of business at Anniston, and is engaged in the wholesale fruit and produce business.

Camp McClellan was, during 1917, located 5½ miles north of Anniston. Beginning in 1917, and extending throughout 1918, there were trained at Camp McClellan between 40,000 and 60,000 soldiers. There was only one road between Anniston and the camp, except a rough mountain pass by which it was possible to enter the rear of the camp at times when the other road was impassable. The main highway was an ordinary dirt road and the traffic of heavy trucks and a large number of automobiles made the road almost impassable a large part of the time during the year 1918. In 1918 the Government began the construction of a brick road from Anniston to the camp which was not completed until the summer of 1919. During

the rebuilding of the road it was necessary to make detours in order to travel from Anniston to the camp, making travel very difficult and destructive to trucks and automobiles.

The taxpayer delivered large quantities of produce to the camp and in the first part of October, 1918, it purchased three trucks, one Pierce Arrow, one Service and one Master truck, for a total sum of $11,855.65. These trucks were put into service on October 10th and were used continuously with very heavy loads between Anniston and the camp during the months of October, November and December of that year.

The taxpayer has claimed a deduction on account of depreciation of 20 per cent on trucks for the three months' service in 1918. Such deduction amounted to $2,371.13. The Commissioner allowed only one-fourth of above amount, as the trucks were used only three months of the year. On account of the condition of the road over which the trucks were used and the continuous and heavy service required, a reasonable deduction on account of the wear and tear and exhaustion of the trucks is determined to be 33⅓ per cent per annum, instead of 20 per cent for the three months' service in 1918.

In order to obtain the location of Camp McClellan near Anniston, the business men of the city, through the Chamber of Commerce, purchased for the Government a site for the camp. The taxpayer contributed $250 to the Chamber of Commerce for this purpose, with the object in view of helping the business interests of the city and its own business. The business of the taxpayer increased during 1918 fourfold over previous years, primarily on account of the fact that the camp was located near Anniston.

Zemurray was manager of the taxpayer corporation during the year 1918. The salary of $450 per month paid him for services rendered is reasonable and the total salary paid him that year is an allowable deduction.

OPINION.

TRAMMELL: The decision in this case, in so far as it relates to the contribution to the Chamber of Commerce, is controlled by the opinion in the *Appeal of Thomas Shoe Co.*, 1 B. T. A. 124, and it is not necessary to repeat here what was said there. The contribution was not an ordinary and necessary expense of the taxpayer's business.

> *Order of redetermination will be entered on 10 days' notice, under Rule 50.*

STERNHAGEN, dissenting: I dissent on the authority of the Board's decision in the *Appeal of Anniston City Land Co.*, 2 B. T. A. 526.

GREEN, MORRIS, and MURDOCK concur in the dissent.